**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELIZABETH ATKINSON,

      Plaintiff,

v.                                  Case No:  6:15-cv-619-Orl-40DAB

VOLUSIA COUNTY SCHOOL BOARD,

      Defendant.

_____

<u>**ORDER**</u>

    This cause comes before the Court on Defendant's Motion for Dismissal, Motion for Sanctions, or, in the Alternative, Motion to Extend Deadlines and Compel Plaintiff to Appear for Deposition and to Attend Mediation (Doc. 34), filed June 14, 2016.  Plaintiff has not filed a brief in response to Defendant's motion.  On September 16, 2016, the Court held a hearing at which counsel for both parties appeared.  Upon review of the record and after hearing oral argument, Defendant's motion will be granted.

**I.     BACKGROUND**

    On March 31, 2015, Plaintiff initiated this lawsuit by filing a two-count Complaint in which she alleges she was discriminated against by Defendant due to her age.  (Doc. 1). Since that date, however, Plaintiff has failed to comply with various Court orders, failed to respond to Defendant's discovery requests, and failed to appear for mediation.  The timeline of this case follows:

    On May 27, 2015, the Court ordered Plaintiff to show cause why this case should not be dismissed for failing to comply with the Court's interested persons and related cases orders.  (Doc. 18).  Although Plaintiff thereafter rectified her deficiencies, the Court

again ordered Plaintiff to show cause on September 16, 2015 to explain why this case should not be dismissed for failing to file a Case Management Report within the time required.  (Doc. 23).  Plaintiff did not respond and the Court dismissed the case without prejudice for lack of diligent prosecution.  (Doc. 24).

Seventeen days later, Plaintiff moved to vacate the dismissal and re-open the case.  In the motion, Plaintiff's counsel explained that her failure to comply with the Court's orders was due to "an extremely heavy workload" and internal turmoil within her firm.  (Doc. 25, ¶ 6).  Although the Court found counsel's explanation deficient, the Court nevertheless vacated the dismissal on December 23, 2015 for equitable reasons, as Plaintiff's discrimination claims would have been effectively time-barred were the dismissal to stand.  (Doc. 27, p. 3).  Notably, the Court's order re-instating the case admonished Plaintiff's counsel and warned that "the failure to meet future deadlines may result in the imposition of sanctions, including monetary fines or the involuntary dismissal of this case."  (*Id.*).

Despite re-instatement, Plaintiff continued to miss deadlines and disobey court orders.  Although Defendant served a request for production and interrogatories, Plaintiff never responded, forcing Defendant to file a motion to compel on April 25, 2016.  (Doc. 32).  The Magistrate Judge ultimately granted Defendant's motion to compel and ordered Plaintiff to respond to Defendant's discovery requests by May 30, 2016.  (Doc. 33, p. 3).  The Magistrate Judge additionally awarded Defendant $500 in costs for bringing the motion and ordered that this amount be paid to counsel also on May 30, 2016.  (*Id.*).  The Magistrate Judge further warned Plaintiff that her failure to comply may result in additional sanctions up to and including dismissal.  (*Id.*).  Nevertheless, Plaintiff

did not produce the discovery ordered and did not pay Defendant's costs within the time required.  (Doc. 34, ¶ 11).  Defendant also informs the Court that Plaintiff and her counsel failed to appear for Plaintiff's deposition on May 12, 2016 and for mediation on May 26, 2016, despite the fact that the parties coordinated both events.  (*Id.* ¶¶ 12–19).

Defendant now moves to dismiss this lawsuit with prejudice, to recover attorney's fees and costs, to impose further sanctions for disobeying the Court's orders, and to extend certain case management deadlines.  Although Plaintiff has not responded to Defendant's motion, counsel for Plaintiff appeared before the Court on September 15, 2016 to discuss Defendant's motion and the status of the case.  At that hearing, Plaintiff's counsel confirmed that the Court's understanding of the events in this case is accurate.

## II.   DISCUSSION

Defendant moves to impose sanctions pursuant to Rules 37(b)(2)(A), 37(b)(2)(C), and 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure and to involuntarily dismiss Plaintiff's lawsuit under Rule 41(b).  Rule 37(b)(2)(A) allows a court to impose sanctions due to a party's failure to comply with a prior order to provide or permit discovery. Permissible sanctions include prohibiting the disobedient party from supporting her claims or from introducing certain matters into evidence, striking pleadings, staying the proceedings until the order is obeyed, dismissal, and holding the disobedient party in contempt.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).  The violation of a court's prior order to provide or permit discovery additionally requires the award of reasonable attorney's fees and costs to the opposing party.  Fed. R. Civ. P. 37(b)(2)(C).  Rule 37(d)(1)(A)(i) allows a court to impose sanctions due to a party's failure to appear for her own deposition.  Permissible sanctions under this Rule include the same sanctions allowable

under Rule 37(b)(2)(A) except for holding the disobedient party in contempt.  *See* Fed. R. Civ. P. 37(d)(3).  A party's failure to appear for her own deposition also requires the court to award reasonable attorney's fees and costs caused by the failure to appear unless the failure to appear was "substantially justified" or equitable reasons counsel against the award of fees and costs.  *Id.*  Finally, Rule 41(b) allows the court to dismiss a plaintiff's lawsuit for failing to prosecute or for failing to comply with a prior court order.

The Court is mindful that it has broad discretion in fashioning an appropriate sanction and that dismissal with prejudice is an "extreme sanction" which should only be employed when (1) a party engages in a clear pattern of delay or willful misconduct, and (2) the Court finds that lesser sanctions would be ineffective.  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005).  Upon review of the record as recounted by the Court in Section I of this Order, the Court finds that both circumstances are present here.  Plaintiff and her counsel have engaged in a clear pattern of delay and willful misconduct by failing to timely comply with the Court's interested persons and related cases orders; by failing to timely file a Case Management Report; by failing to timely respond to Defendant's discovery requests; by disobeying the Magistrate Judge's order compelling discovery responses and awarding fees and costs; by failing to appear for Plaintiff's properly-noticed deposition; and by failing to attend a jointly-coordinated mediation.  Finally, the Court finds that a lesser sanction would not be effective in this case.  The Court has already imposed monetary sanctions against Plaintiff, but she has failed to pay the amount owed.  Moreover, the Court has warned Plaintiff at least twice that continued failures to comply with court orders would result in dismissal, but she has

disregarded them.  The Court therefore has no reason to believe that any other sanction would coerce compliance.

At the September 15, 2016 hearing, counsel for Plaintiff acknowledged her shortcomings in this case and apologized to both the Court and opposing counsel.  The Court has no doubt that counsel's sentiments are sincere and that her litigation of this case constitutes an anomaly in what has been an otherwise stellar career.  Nevertheless, the Court finds that Plaintiff's conduct has resulted in severe prejudice to Defendant in terms of time, cost, and hindering Defendant's ability to fairly defend against this lawsuit. If the integrity of the federal judicial system is to be maintained, the prosecution of this case must end.

The Court therefore finds that dismissal of this case is warranted under Rule 41(b), Rule 37(b)(2)(A), and Rule 37(d).  The Court additionally awards Defendant its reasonable attorney's fees and costs incurred due to Plaintiff's failure to appear for deposition under Rule 37(d)(3).  As stated at the September 15, 2016 hearing, the Court will entertain a properly supported motion for attorney's fees from Defendant.

## III.   CONCLUSION

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Dismissal, Motion for Sanctions, or, in the Alternative, Motion to Extend Deadlines and Compel Plaintiff to Appear for Deposition and to Attend Mediation (Doc. 34) is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to enter the Judgment of the Court that this case is dismissed with prejudice.

4.  Defendant has **fourteen (14) days** from the date of this Order to file a properly supported motion for attorney's fees.  Plaintiff has **fourteen (14) days** from the date Defendant files its motion for attorney's fees to respond.

**DONE AND ORDERED** in Orlando, Florida on September 16, 2016.


PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record