**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELIZABETH ATKINSON,

     Plaintiff,

v.                                                                          Case No: 6:15-cv-619-Orl-40DCI

VOLUSIA COUNTY SCHOOL BOARD,

     Defendant.

_____

## ORDER

This cause comes before the Court on Defendant's Motion for Award of Attorney's Fees and Costs (Doc. 42), filed September 30, 2016.  Plaintiff has not responded to Defendant's motion within the time permitted.  Upon consideration, the Court will grant Defendant's motion and award $3,820.55 in attorney's fees and costs as a sanction for Plaintiff's failure to attend her deposition.  The Court will additionally include a $500 monetary fine which was previously imposed by the Magistrate Judge for a discovery violation, but which remains unpaid.

## I.     BACKGROUND

On March 31, 2015, Plaintiff initiated this lawsuit by filing a two-count Complaint in which she alleged that Defendant discriminated against her due to her age. On September 16, 2016, the Court involuntarily dismissed Plaintiff's case as a sanction pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), 37(d), and 41(b) for Plaintiff's failure to comply with numerous Court orders, failure to attend mediation, and failure to appear for her deposition.  (Doc. 40).  The Court additionally awarded Defendant its reasonable attorney's fees and expenses caused by Plaintiff's failure to attend the

deposition. (*Id.*). Defendant now moves, pursuant to the Court's direction, to quantify the amount of fees and expenses awarded.

## II.   DISCUSSION

### A.   Attorney's Fees

The Court begins by determining the reasonable amount of attorney's fees Defendant incurred due to Plaintiff's failure to attend her deposition.   An award of reasonable attorney's fees includes not only work performed by lawyers, but also work performed by paralegals, law clerks, and other support staff.   *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 285 (1989).   "The starting point for determining the amount of a 'reasonable fee is the number of hours reasonably expended . . . multiplied by a reasonable hourly rate.'"   *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   The product of these two figures is called the "lodestar," and there is a strong presumption that the lodestar represents the amount of fees which should be awarded.   *Id.*   The party applying to recover fees bears the burden of establishing the reasonableness of both the hourly rate and the hours expended.   *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

### 1.   Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   *Id.* at 1299.   In addition to skill, experience, and reputation, the Court may consider other factors in determining the appropriate hourly rate, including the time and labor required, the preclusion of other employment due to acceptance of the case,

and hourly rates deemed reasonable in similar cases.  *See Assoc. of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006) (per curiam).  Further, the Court "is itself an expert on the question [of hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees."  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

Defendant asks the Court to award fees for its lead attorney, Erin G. Jackson, using a rate of $155.00 per hour.  In support, Ms. Jackson has submitted a sworn affidavit describing her skills, experience, and reputation.  To that end, Ms. Jackson has been an attorney in good standing with the Florida Bar since her admission in 2000.  Over her sixteen year career, Ms. Jackson has focused primarily on labor and employment litigation and was certified by the Florida Bar as a labor and employment law specialist in 2006.  Ms. Jackson represents that $155.00 is not her normal hourly rate, but a reduced rate she charged Defendant so that she could undertake the representation.

The Court finds $155.00 to be a reasonable hourly rate for Ms. Jackson.  Ms. Jackson is a highly-qualified and experienced labor and employment attorney who chose to forego potentially higher paying representation so that she could represent Defendant in this case.  Ms. Jackson's requested hourly rate is also well within the range of rates this Court has previously found reasonable for similarly experienced attorneys in similar cases.  *See, e.g.*, *Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1331 (M.D. Fla. 2010) (approving $350.00 hourly rate in gender discrimination case); *Williams v. Consol. Jacksonville*, No. 3:00-cv-469-J-32TEM, 2006 WL 4794173, at *5 (M.D. Fla. Sept. 11, 2006) (approving $260.00 hourly rate in race and gender discrimination case).  The Court will therefore calculate Ms. Jackson's attorney's fees at the rate of $155.00 per hour.

Defendant also asks the Court to award fees for work performed by two paralegals and a law clerk using a rate of $80.00 per hour.  Based on the work performed by these individuals and the Court's knowledge and experience regarding customary fees for support staff in Central Florida, the Court finds that this rate is reasonable.  Further, the requested rate again falls in line with rates which this Court has previously found to be reasonable for similar support staff in similar cases.  *See, e.g.*, *Stone v. Nat'l Enter. Sys.*, No. 6:08-cv-1523-Orl-22GJK, 2009 WL 3336073, at *1, 5 (M.D. Fla. Oct. 15, 2009) (adopting report and recommendation finding that $95.00 is a reasonable hourly rate for paralegals); *Williams*, 2006 WL 4794173, at *6 (approving $100.00 hourly rate for law clerk in race and gender discrimination case).  The Court will therefore calculate paralegal and law clerk fees at the rate of $80.00 per hour.

### 2.    Reasonable Hours

"Fee applicants must exercise what the Supreme Court has termed 'billing judgment,'" which means that an applicant can only recover fees for work performed as a necessary part of the litigation.  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434).  Stated differently, a fee applicant will not be permitted to recover fees which are "excessive, redundant, or otherwise unnecessary."  *Id.* (quoting *Hensley*, 461 U.S. at 434).  Ultimately, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id.*

The rule under which the Court awarded Defendant its reasonable fees permits Defendant to recover those fees "caused by" Plaintiff's failure to attend her deposition.

*See* Fed. R. Civ. P. 37(d)(3).  In its motion, Defendant provides two tables to illustrate the hours expended relative to Plaintiff's deposition.  The first table outlines those hours expended by Defendant's counsel and legal staff to prepare for and attend the deposition. The Court finds that all of the hours in this first table are reasonable and necessary for the work described and were incurred directly as a result of Plaintiff's failure to attend the deposition.  Based on the reasonable hourly rates determined above, the Court will award $1,940.50 for the work listed in the first table.[1]

The second table outlines those hours expended by Defendant's counsel and legal staff following Plaintiff's failure to appear for deposition, including work performed drafting various motions and preparing for and attending the Rule 16 hearing on September 15, 2016.  The Court finds that most of the work described in this second table is compensable—specifically, those hours dedicated to (i) communicating with opposing counsel immediately following the deposition, (ii) researching, drafting, and preparing Defendant's motion for sanctions, and (iii) preparing for and attending the Rule 16 hearing.  However, the Court will exclude work performed on a motion to extend deadlines which was filed while Defendant awaited the Court's ruling on Defendant's pending motion for sanctions.  The Court finds that this motion was not caused by Plaintiff's failure to attend her deposition, or was so tangentially caused that an award of fees would be unjust under the circumstances.[2]  *See* Fed. R. Civ. P. 37(d)(3) (permitting the Court to deny an award of fees where the award would be unjust).  The Court will also exclude

---

[1] This amount represents 7.1 hours of attorney time billed at $155.00 per hour and 10.5 hours of paralegal time billed at $80.00 per hour.

[2] The Court specifically excludes 1.1 hours billed by EGJ on 6/27/16, 0.8 hours billed by EGJ on 8/31/16, 2.1 hours billed by AAT on 9/1/16, and 2.4 hours billed by AAT on 9/7/16.

time expended where the task is simply described as "Correspondence to [opposing counsel]."  Based on the limited information provided, the Court is unable to determine the relationship between this correspondence and Plaintiff's failure to attend the deposition; Defendant consequently fails to carry its burden of demonstrating why the work performed was necessary.  Based on the reasonable hourly rates determined above and after accounting for those hours excluded, the Court will award $1,708.50 for the work listed in the second table.[3]

### B.    Expenses

In addition to reasonable attorney's fees, Rule 37(d)(3) permits the Court to award all reasonable expenses incurred due to Plaintiff's failure to attend her deposition.  Defendant applies to recover the costs of a court reporter it retained for the deposition and for travel costs incurred to attend the September 15, 2016 Rule 16 hearing.  The Court finds that these expenses are reasonable and were incurred as a result of Plaintiff's failure to appear for deposition.  The Court will therefore award $171.55 in expenses.[4]

### C.    Outstanding Sanction Previously Awarded

In its motion, Defendant also asks the Court to add an unpaid $500 fine which was previously imposed by the Magistrate Judge as a sanction for Plaintiff's failure to respond to certain discovery requests.  (*See* Doc. 33).  At the Rule 16 hearing, counsel for Plaintiff acknowledged that this amount remains outstanding.  The Court will accordingly include this amount with the fees and costs awarded by this Order.

---

[3]   This amount represents 10.3 hours of attorney time billed at $155.00 per hour and 1.4 hours of paralegal time billed at $80.00 per hour.

[4]   This amount consists of a $75.00 no-show fee charged by the court reporter Defendant retained for Plaintiff's deposition and $96.55 in travel and parking costs to attend the Rule 16 hearing.

D.     **Whether Plaintiff or Her Attorney Shall Pay the Amounts Owed**

As a final matter, the Court must determine who will pay the amounts awarded to Defendant.  Rule 37(d)(3) permits the Court to assess the award against the party who failed to act, the party's attorney, or both.  However, while an attorney's misconduct can certainly be imputed to her client for the purpose of imposing sanctions, courts should be reluctant to sanction the client where the client is not responsible for the attorney's misconduct.  *See In re Hill*, 775 F.2d 1385, 1387 (9th Cir. 1985) (per curiam).

Here, there is no record evidence indicating that Plaintiff engaged in misconduct or directed her attorney to engage in the conduct which has caused this Court to impose sanctions.  Indeed, at the Rule 16 hearing, Plaintiff's attorney assumed full responsibility for the conduct at issue and requested that any monetary award be assessed against her rather than against her client.  The Court therefore finds that all amounts should be assessed against Plaintiff's attorney.

III.    **CONCLUSION**

In sum, the Court awards $3,649.00 in attorney's fees and $171.55 in expenses to Defendant for Plaintiff's failure to attend her deposition.  The Court additionally includes an outstanding $500 monetary fine previously imposed by the Magistrate Judge.  The Court will assess all amounts against Plaintiff's counsel.  It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Award of Attorney's Fees and Costs (Doc. 42) is **GRANTED**.

2. Counsel for Plaintiff, Mercedes G. Hale, shall pay Four Thousand Three Hundred Twenty and 55/100 Dollars ($4,320.55) to Defendant through

counsel.  Ms. Hale has **120 days from the date of this Order** to complete payment.  Ms. Hale is cautioned that, absent good cause shown, the failure to complete payment within the time provided will result in the initiation of contempt proceedings.

3. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on November 3, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record